**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IDA RALEIGH,**

                **Plaintiff,**

-vs-                                          **Case No. 6:11-cv-1644-Orl-31DAB**

**TOYOTA MOTOR SALES, USA, INC. and**
**TOYOTA MOTOR CORP.,**

                **Defendants.**

_____

## ORDER

This matter comes before the Court on the Motion to Remand (Doc. 10) filed by the Plaintiff, Ida Raleigh ("Raleigh"), and the response (Doc. 13) filed by the Defendants.

This products liability case was filed in state court on July 27, 2011. The Defendants were served by September 6, 2011. It was removed to this Court on October 11, 2011.

Raleigh contends that the case was removable on diversity grounds as filed and that the Defendants were required to remove the case on or before October 6, 2011. 28 U.S.C. § 1446(b). The Defendants agree that there is complete diversity between the parties but dispute that the Complaint (Doc. 2) established that the $75,000 amount in controversy requirement of 28 U.S.C. § 1332 had been satisfied. They argue that the 30-day window to remove the case was not triggered until they received Raleigh's response to their requests for admissions, informing them that she was seeking to recover damages in excess of $75,000. (Doc. 13 at 1).

The Complaint alleges that Raleigh suffered "severe injuries, including injuries to her legs, head, neck and chest" when her car's air bag failed to deploy (Doc. 2 at 2), but so far as concrete

figures are concerned, it provides only that Raleigh's damages exceed the state court jurisdictional threshold of $15,000.  (Doc. 2 at 1).  Raleigh implicitly admits that this is not enough to satisfy 28 U.S.C. § 1332, but she argues that her attorney personally informed counsel for the Defendants, prior to this suit being filed, that she had suffered "a left open fibula fracture, right open ankle fracture, right fibula fracture, right fractured hip injury, a ruptured globe with prolapse of the right eye with a resulting prosthetic eye, multiple facial fractures and multiple complex facial lacerations, and that [her] workmen's compensation lien was over $900,000."  (Doc. 10).

The statute governing removal procedure, 28 U.S.C. 1446, provides in pertinent part that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable".  28 U.S.C. § 1446(b).  Here, as the Plaintiff implicitly admits, the case stated by her Complaint was not removable.  A pre-suit conversation does not constitute "an amended pleading, motion, order or other paper" from which the Defendants could ascertain

that the case was, in fact, removable. Accordingly, so long as the Defendants removed the case within 30 days of receiving her response to their requests for admissions – something Raleigh does not dispute – the removal was timely.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 16, 2011.

                                            GREGORY A. PRESNELL
                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party